NO. 12-01-00233-CV



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


HERBERT WARD SCOTT AND
§
 APPEAL FROM THE 62ND

ROSEANN LOUISE BROWN SCOTT,

APPELLANTS


V.
§
 JUDICIAL DISTRICT COURT OF


COMMERCIAL SERVICES OF

PERRY, INC.,

APPELLEE
§
 HOPKINS COUNTY, TEXAS

 

OPINION


 Herbert Ward Scott and Roseann Louise Brown Scott ("the Scotts) appeal the trial court's
summary judgment in favor of Commercial Services of Perry, Inc. ("Commercial Services"). In three
issues, the Scotts complain that the trial court erred in granting summary judgment on two outstanding
notes, and in denying their request to conduct further discovery. We affirm in part and reverse and
remand in part.


Background


 In July 1993 and May 1994, the Scotts obtained federally guaranteed agricultural loans from
Southwest Bank of Jennings, Louisiana to purchase and operate a dairy farm in Sulphur Springs, Texas. 
According to the Scotts, an employee of Southwest Bank misrepresented the Scotts' assets and
liabilities in order to obtain the Farm Service Agency's ("FSA") guarantee of the loans at issue. In
November 1997, Southwest Bank failed and the Federal Deposit Insurance Corporation ("FDIC") was
appointed receiver of the bank. In March 1999, Commercial Services purchased the Scotts' loans from
the FDIC as part of a bulk purchase. The notes were in default at the time Commercial Services
purchased them. Commercial Services made demand upon the Scotts for payment of the notes, and
when the payment was not forthcoming, posted the dairy for foreclosure. The Scotts then filed a
declaratory action requesting injunctive relief and asking the court to find that the notes were vitiated
by the Southwest Bank employee's fraud and, thus, legally unenforceable. They also requested that the
trial court order Commercial Services to perform on a loan servicing agreement pursuant to the
Consolidated Farmer Rural Development Act, 7 U.S.C.A. § 1921 (West 1999). Commercial Services
filed a motion for summary judgment, which the trial court granted. This appeal followed. 


Standard of Review

 In reviewing a traditional motion for summary judgment, (1) this court must apply the standards
established in Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985), which
are


 1. The movant for summary judgment has the burden of showing that there is no genuine
issue of material fact and that it is entitled to judgment as a matter of law.

 2. In deciding whether there is a disputed material fact issue precluding summary
judgment, evidence favorable to the non-movant will be taken as true.

 3. Every reasonable inference must be indulged in favor of the non-movant and any doubts
resolved in its favor.



See Nixon, 690 S.W.2d at 548-49. For a party to prevail on a motion for summary judgment, he must
conclusively establish the absence of any genuine question of material fact and that he is entitled to
judgment as a matter of law. Tex. R. Civ. P. 166a(c). A movant must either negate at least one
essential element of the non-movant's cause of action, or prove all essential elements of an affirmative
defense. See Randall's Food Mkt., Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995); see also MMP,
Ltd. v. Jones, 710 S.W.2d 59, 60 (Tex. 1986). Since the burden of proof is on the movant, and all
doubts about the existence of a genuine issue of material fact are resolved against the movant, we must
view the evidence and its reasonable inferences in the light most favorable to the non-movant. See
Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex. 1965). 
We are not required to ascertain the credibility of affiants or to determine the weight of evidence in the
affidavits, depositions, exhibits and other summary judgment proof. See Gulbenkian v. Penn, 252
S.W.2d 929, 932 (Tex. 1952). The only question is whether or not an issue of material fact is presented. 
See Tex. R. Civ. P. 166a(c). Once the movant has established a right to summary judgment, the
non-movant has the burden to respond to the motion for summary judgment and present to the trial
court any issues that would preclude summary judgment. See, e.g., City of Houston v. Clear Creek
Basin Auth., 589 S.W.2d 671, 678-79 (Tex. 1979). 

 All theories in support of or in opposition to a motion for summary judgment must be presented
in writing to the trial court. See Tex. R. Civ. P. 166a(c). If a theory is not expressly presented to the
trial court, it shall not be considered on appeal as grounds for reversal. Id. When a summary judgment
does not specify or state the grounds relied on, the summary judgment will be affirmed on appeal if any
of the grounds presented in the motion are meritorious. See Harwell v. State Farm Mut. Auto. Ins.
Co., 896 S.W.2d 170, 173 (Tex. 1995).


Commercial Services' Motion for Summary Judgment

 In its motion for summary judgment, Commercial Services argued that the provisions of the
Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA"), specifically 12 U.S.C.A.
§ 1823(e) (West 2001), precluded the Scotts' assertion of personal defenses against it, since it is a
transferee of the FDIC. Commercial Services also asserted that, without regard to the application of 
§ 1823(e), the fraud complained of was perpetuated on the FSA, not the Scotts. Consequently, it had
no legal effect upon their responsibility under the note.

 On appeal, the Scotts assert three issues: 1) whether the D'Oenche Duhme doctrine, (2) 12
U.S.C.A. § 1823(e), or the federal holder-in-due-course doctrine permits a purchaser of notes from the
FDIC to foreclose on the notes, when the purchaser had actual knowledge that the underlying notes were
secured by the fraudulent activities of the original lending bank, for which the banker received a
criminal conviction; 2) whether the trial court abused its discretion in granting summary judgment,
despite a lack of discovery and the Scotts' requesting discovery on the nature of the fraud perpetrated
against them; and 3) whether the trial court erred in granting summary judgment when the holder of the
note breached its contract with the borrower by failing to provide or consider loan servicing options or
restructuring before foreclosure. 

Proof Sufficient to Foreclose

 In order to recover under the notes, Commercial Services had to establish (1) the notes in
question, (2) that the Scotts signed the notes, (3) that Commercial Services was the legal owner and
holder of the notes, and (4) that a certain balance was due and owing under the notes. Cockerell v.
Republic Mortgage Inc., 817 S.W.2d 106, 111 (Tex. App.-Dallas 1991, no writ). A lender need not
file detailed proof reflecting the calculations of the balance due on a note; an affidavit by a bank
employee which sets forth the total balance due on a note is sufficient to sustain an award of summary
judgment. Martin v. First Republic Bank Fort Worth, 799 S.W.2d 482, 485 (Tex. App.-Fort Worth
1990, writ denied). 

 Commercial Services' summary judgment evidence included the original promissory notes and
the transfer of those notes from the FDIC as receiver for the Southwest Bank to Commercial Services. 
It also attached the affidavit of Don Wilson, a loan analyst for Commercial Services, in which he
described the notes and the unpaid balance of each. We hold that Commercial Services conclusively
established the absence of any genuine question of material fact and that it was entitled to judgment as
a matter of law on the promissory notes. 

Applicability of the Holder-in-Due-Course Doctrines

 In response to Commercial Services' motion for summary judgment, the Scotts discussed at
length the different doctrines which were created to "to allow federal and state bank examiners to rely
on a bank's records in evaluating the worth of the bank's assets" and "to ensure mature consideration
of unusual loan transactions by senior bank officials, and prevent fraudulent insertion of new terms,
with the collusion of bank employees, when a bank appears headed for failure." Langley v. Federal
Deposit Ins. Corp., 484 U.S. 86, 91-92, 108 S. Ct. 396, 401, 98 L. Ed. 2d 340 (1987). The import of
these doctrines is that they bar makers of negotiable instruments from asserting personal defenses to
liability against the FDIC where the FDIC acquires the instrument by purchase and assumption from
a troubled financial institution. See Federal Deposit Ins. Corp. v. Byrne, 736 F. Supp. 727, 730 (N.D.
Tex. 1990). The doctrines also preclude assertion of personal defenses against a transferee of the FDIC
that acquires a negotiable instrument for value, in good faith, and without notice of any defense. See
Byrne, 736 F. Supp. at 730. The Scotts argued that Commercial Services was not a holder in due
course, and that the Scotts could assert their fraud defense because Commercial Services knew about
the actions of the bank's employee before it purchased their notes. In the alternative, the Scotts
maintained that even if Commercial Services was a holder in due course, fraud in the factum precluded
Commercial Services' claims on the notes. Fraud in the factum is a real defense which invalidates a
note, rendering the note unenforceable by anyone, even a holder in due course. See FDIC v. Wood, 758
F.2d 156, 158-60 (6th Cir. 1985). We find it unnecessary to review the various doctrines, however,
because the Scotts do not have a defense, personal or real, which would allow them to avoid the notes. 
 The Scotts asserted in their response to the motion for summary judgment that the Southwest
Bank employee who provided false information about the Scotts' financial situation perpetrated a fraud
against them. Certainly, rescission of a contract is available as an alternative to damages in cases in
which one contracting party is induced to contract by the fraud of the other. Bank One v. Stewart, 967
S.W.2d 419, 455 (Tex. App.-Houston [14th Dist.] 1998, pet. denied). Generally, actionable fraud
occurs when (1) a party makes a material representation that (2) is false, (3) the party knows it is false
or makes it recklessly without any knowledge of its truth and as a positive assertion (4) with the
intention that the other party act upon it, and (5) the other party relies or acts upon the misrepresentation
and (6) thereby suffers injury. See Insurance Co. of N. Am. v. Morris, 981 S.W.2d 667, 674 (Tex.
1998). However, in the case before us, the contract which was induced by the alleged fraud was the
contract entered into by the FSA to guarantee the loan. The Scotts were not induced to enter into the
loan agreement with the bank because of the false information; instead, the FSA was the party against
which the fraud was perpetrated. Further, although the Scotts may have been duped into signing the
application without knowledge of the contents therein, which would be classified as fraud in the factum,
they received the loans which they applied for and under the terms agreed upon. Again, the FSA was
the party against which the fraud was perpetrated, not the Scotts. Therefore, the Scotts failed in their
burden to present to the trial court any issues that would preclude summary judgment on the notes. We
hold, therefore, that the trial court did not err when it granted summary judgment on the promissory
notes, and we overrule issue one. 

Breach of Loan Servicing Agreement

 In the order granting summary judgment, the trial court granted judgment in favor of
Commercial Services on all of the Scotts' claims. However, in their motion for summary judgment
Commercial Services neither attempted to negate at least one element of the cause of action for breach
of its duty to service the loan, nor did it assert any defense thereto. We hold, therefore, that the trial
court erred when it granted summary judgment for Commercial Services on the issue of breach of a loan
servicing agreement. Accordingly, we sustain issue three.


Discovery


 In their second issue, the Scotts complain that the trial court abused its discretion when it
granted summary judgment for Commercial Services before they could conduct discovery to fully
develop their fraud theory. The Scotts state in their appellate brief that they requested additional time
to conduct discovery, but they failed to give us the record cite for this request. However, after a
thorough review of the record, we have been able to locate the Scotts' request in their response to
Commercial Services' motion for summary judgment. In the midst of their discussion of fraud in the
factum, they asked the trial court to allow additional discovery and depositions. 

 When a party contends that it has not had an adequate opportunity for discovery before a
summary judgment hearing, it must file either an affidavit explaining the need for further discovery or
a verified motion for continuance. Tex. R. Civ. P. 166a(g); Tenneco Inc. v. Enterprise Prod. Co., 925
S.W.2d 640, 647 (Tex. 1996). The Scotts did neither. Consequently, they waived error and there is
nothing for us to review. 

 If the Scotts had preserved error on this issue, we would review the trial court's denial of their
request under an abuse of discretion. See National Union Fire Ins. Co. v. CBI Indus., Inc., 907
S.W.2d 517, 520 (Tex. 1995). Upon a review of the record, we find that eleven months elapsed
between the filing of the suit and the hearing on the motion for summary judgment. There is no
evidence before us that during those eleven months the Scotts served interrogatories, requests for
production, requests for admissions, or notices of intent to take oral depositions upon Commercial
Services. We hold that upon these facts, the trial court did not abuse its discretion when it did not allow
additional time to conduct discovery. Accordingly, we overrule issue two. 

 We affirm the summary judgment for Commercial Services on the promissory notes, but reverse
and remand the summary judgment on the breach of a loan servicing agreement.

 SAM GRIFFITH 

 Justice

Opinion delivered July 9, 2003.

Panel consisted of Worthen, C.J., and Griffith, J.

(PUBLISH)
1. Tex. R. Civ. P. 166a(c).
2. D'Oench, Duhme & Co. v. Federal Deposit Ins. Corp., 315 U.S. 447, 86 L. Ed. 956, 62 S. Ct. 676
(1942).